UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

―――――――――――――――――――――――――――――――――――――

| | |
|---|---|
| **In Re** <br><br> RAYMOND HAKEN and <br> RUTH HAKEN, <br> **Debtor.** | **Bankruptcy Case** <br> **No. 10-40738-JDP** |

―――――――――――――――――――――――――――――――――――――

**MEMORANDUM OF DECISION**

―――――――――――――――――――――――――――――――――――――

**Appearances:**

    John O. Avery, Idaho Falls, Idaho, Attorney for Debtors.

    Gary L. Rainsdon, Twin Falls, Idaho, Chapter 7 Trustee.

### Introduction

The chapter 7[1] trustee, Gary L. Rainsdon, ("Trustee"), filed an objection to claim of exemption made by the debtors, Raymond James Haken and Ruth Ann Haken ("Debtors"). Docket No. 29. Debtors

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION - 1

responded to that objection. Docket No. 31. The Court conducted a hearing concerning the claim of exemption and objection on August 2, 2010, and took the issues under advisement. The Court has considered the record and submissions of the parties, the arguments of counsel, as well as the applicable law. This Memorandum constitutes the Court's findings of fact and conclusions of law, and resolves this contest. Fed. R. Bankr. P. 7052, 9014.

**Facts**

Twin City Auto, Inc., is a subchapter S corporation established by Debtors for the purposes of operating an auto sales business. Debtors own 100% of the stock of the corporation ("business interest").

Debtors filed a chapter 7 petition on April 26, 2010. Docket No. 1. On Schedule B filed with that petition, Debtors listed their interest in the corporation. *Id*. Debtors also, on Schedule C, claimed that the business interest was exempt under Idaho Code § 11-605(11), often referred to as the "wild card" exemption, which allows a debtor to exempt an aggregate interest in any "tangible personal property," not exceeding $800 in value.

MEMORANDUM OF DECISION - 2

Idaho Code § 11-605(11).[2]  Debtors listed the value of the business interest as $100.  Docket No. 1.

Trustee filed an objection to Debtors' exemption claim arguing that an interest in a business is not "tangible personal property" and, therefore, does not meet the requirements of the Idaho wild card exemption.  Docket No. 29.

**Discussion**

The commencement of a bankruptcy case creates an estate.  § 541(a). Subject to particular exclusions, the bankruptcy estate includes all property in which a debtor had legal or equitable interest when the bankruptcy case was filed.  § 541(a)(1).  Debtors may elect to exempt certain property from the estate, preserving that property, or at least their interest in that property, for their personal use if applicable exemption requirements are met.  § 522(b)(1); *Schwab v. Reilly*, __ U.S. __, 130 S. Ct. 2652, 2661–63 (2010).  The Bankruptcy Code provides a default federal

---

[2]Legislation effective on April 1, 2010, added an additional exemption to the Idaho exemption system.  Idaho Code section 11-605(11) was formerly section 11-605(10).

MEMORANDUM OF DECISION - 3

exemption system, but also empowers states to opt out of that system by substituting state exemption statutes for those in the Code. § 522(b)(2), (3). Idaho has opted out of the federal system and limits exemptions to those authorized by Idaho law. Idaho Code § 11-609.

Among the exemptions authorized by Idaho law is a so-called "wild card" exemption, which allows a debtor to exempt an "aggregate interest in any tangible personal property, not to exceed the value of eight hundred dollars ($800)." Idaho Code § 11-605(11). Necessarily, to determine whether any particular item of property falls within this exemption, the meaning of "tangible personal property" must be established.

In general, when interpreting an Idaho exemption statute, the statute is to be construed liberally in favor of the debtor. *In re Duman*, 00.3 I.B.C.R. 137, 137 (Bankr. D. Idaho 2000). At the same time, statutory construction should not lead to an absurd result. *Id*. at 138. Where a specific term within a statute is in question, the term should be given its ordinary and commonly understood meaning. *Id*. at 137.

"Tangible personal property" is not defined in the Idaho exemption

MEMORANDUM OF DECISION - 4

statutes. *See* Idaho Code §§ 11-601 to -609. It is, however, defined elsewhere in the Idaho Code as "personal property which may be seen, weighed, measured, felt or touched, or which is in any other manner perceptible to the senses." Idaho Code § 63-3616(a). That definition has been applied by this Court to the wild card exemption, and is consistent with the ordinary and commonly understood meaning of the term in other contexts. *See In re Duman*, 00.3 I.B.C.R. at 138. Notably, the definition tracks, almost verbatim, the definition of "tangible personal property" in Black's Law Dictionary, which defines the term to encompass "personal property that can be seen, weighed, measured, felt, or touched, or is in any other way perceptible to the senses." BLACK'S LAW DICTIONARY 1337–1338 (9th ed. 2009). "Intangible property," on the other hand, is defined as "[p]roperty that lacks a physical existence." *Id*. at 1336.

While the term "tangible personal property" is included in a few other states' wild card exemption statutes, *see, e.g.*, IND. CODE § 34-55-10-2(c)(2); MISS. CODE ANN. § 85-3-1(a)(vi), the term has not been interpreted often. When it has been construed, courts deem "tangible personal

MEMORANDUM OF DECISION - 5

property" to refer to property that can be physically possessed, *see Cartwright v. Deposit Guar. Nat'l Bank*, 675 So.2d 847, 848 (Miss. 1996) (interpreting the term under Mississippi exemption statutes), or that can be seen, "touched, tasted, etc.," *see In re Oakley*, 344 F.3d 709, 711 (7th Cir. 2003) (interpreting the term under Indiana exemption statutes).

An interest in an incorporated business is not capable of being seen, weighed, measured, felt, or touched. While such an interest has legal existence, it lacks physical existence and is not, by itself, perceptible to the senses. As such, Debtors' interest in the corporation fails to meet the ordinary and commonly understood meaning of "tangible personal property."

Debtors argue that a business interest is tangible personal property because that interest is represented by a tangible document, such as a stock certificate. Docket No. 31. In *In re Duman*, the debtors' counsel conceded, and the Court agreed, that while items such as stocks may represent valuable assets, they are not "tangible personal property." 00.3 I.B.C.R. at 138 & n.5. *See also In re Smith*, 04.1 I.B.C.R. 14 (Bankr. D. Idaho 2004) (tax

MEMORANDUM OF DECISION - 6

refund not tangible personal property even though represented by a tangible tax return). The Seventh Circuit came to the same conclusion, that corporate stock is intangible personal property, when interpreting the Indiana "tangible personal property" wild card exemption statute. *In re Oakley*, 344 F.3d at 711 (interpreting IND. CODE § 34-55-10-2(c)(2)). Even if Debtors have a tangible stock certificate or other document representing their business interest in Twin City Auto, Inc., the existence and tangible nature of the document is only evidence of their interest in the business; it does not convert the intangible business interest into tangible personal property.

## Conclusion

Debtors' interest in Twin City Auto, Inc., is not "tangible personal property" for purposes of Idaho Code § 11-605(11). Trustee's objection to

MEMORANDUM OF DECISION - 7

Debtors' claim of exemption will be sustained, and the exemption will be disallowed, in a separate order.

A separate order will be entered.

Dated: August 10, 2010

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge